PROB 12C
(6/16)

Report Date: February 11, 2020

## United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2020

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Javier Rodriguez Tijerina, Jr.      Case Number: 0980 2:08CR02135-RMP-1

Address of Offender:                                  Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: May 6, 2009

Original Offense:        Possession of Firearm by Prohibited Person, 18 U.S.C. § 922(g)(1)

Original Sentence:       Prison - 60 Months;        Type of Supervision: Supervised Release
                         TSR - 36 Months

Revocation Sentence:     Prison - 14 Months;
(February 3, 2015)       TSR - 22 Months

Asst. U.S. Attorney:     Shawn Nicholas Anderson      Date Supervision Commenced: June 25, 2019

Defense Attorney:        Federal Public Defender      Date Supervision Expires: June 24, 2022

## PETITIONING THE COURT

To issue a **WARRANT** and to incorporate the violations contained in this petition in future proceedings with the violation previously reported to the Court on January 27, 2020.

The probation officer believes that the offender has violated the following condition of supervision:

Violation Number      Nature of Noncompliance

2                    **Mandatory Condition #2**: The defendant shall not commit another federal, state, or local crime.

3                    **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

                     **Supporting Evidence**: Mr. Tijerina is alleged to have violated mandatory conditions number 2 and number 3 by being arrested on February 8, 2020, for Fourth Degree Assault, in violation of R.C.W. 9A.36.041, a gross misdemeanor; Obstructing a Law Enforcement Officer, in violation of R.C.W. 9A.76.020, a gross misdemeanor; and Possession of a Controlled Substance, in violation of R.C.W. 69.50.4013, a Class C felony.

On June 25, 2019, Javier Rodriguez Tijerina, Jr. signed his conditions relative to case number 2:08CR02135-RMP-1, indicating he understood all conditions as ordered by the Court.

According to Spokane Police Department (SPD) report number 2020-20023157, on February 8, 2020, a SPD officer was dispatched to 222 South Howard Street, Apartment 307, in Spokane, Washington. The reporting party allegedly observed Mr. Tijerina and the alleged victim punching and kicking each other. Upon arrival at 2:14 a.m., the officer contacted the reporting party, an employee of the apartment complex. The employee showed the officer security camera footage of the incident between Mr. Tijerina and the alleged victim. In viewing the footage, the officer observed the alleged victim sitting on a bench across from apartment 307. On approximately two or three occasions, the alleged victim would stand up off the bench and kick the front door of apartment 307 with the bottom of her foot.

After the alleged victim struck the door several times, Mr. Tijerina exited apartment 307 holding a black jersey with gray lettering. Once in the hallway, Mr. Tijerina reportedly attempted to rip the jersey and threw it at the alleged victim. Mr. Tijerina then allegedly pushed the victim in her chest area, which caused her to move to the right of the bench. Mr. Tijerina was observed standing in front of the victim on the bench and bending over so his face was in close proximity to the victim's face. He then proceeded back into apartment 307 before the alleged victim kicked the door again.

Mr. Tijerina exited the apartment again. The victim and Mr. Tijerina attempted to hit each other or keep each other away for a short period of time. Mr. Tijerina returned to apartment 307 after the short "scuffle" and the alleged victim sat down on the bench outside the apartment.

Another responding officer interviewed the alleged victim. She advised she and Mr. Tijerina dated for about 5 months and she had lived with him at this apartment; however, they had broken up and she was living elsewhere. She went to Mr. Tijerina's apartment on February 8, 2020, to pick up her belongings. She initially was yelling from the alleyway. Mr. Tijerina and a female friend came down and were arguing with the alleged victim. Mr. Tijerina and the other female went back to the apartment. The alleged victim eventually went to the apartment, knocked on the door and asked for her belongings. Mr. Tijerina grabbed her jersey and attempted to rip it and then threw it at her. She stated they yelled at each other and Mr. Tijerina grabbed her, but stated he never hit her. The alleged victim tried hitting him, but he went back inside the apartment.

An additional responding officer spoke with the alleged victim. She claimed the interaction between her and Mr. Tijerina was a verbal argument, in which he attempted to rip one of her jerseys. She denied having a physical altercation with Mr. Tijerina, stating their interaction was only a verbal argument.

The alleged victim was uncertain if Mr. Tijerina would be cooperative with law enforcement. An officer asked if there were any firearms in the apartment and the alleged victim was evasive in her answers, stating "he's a felon," so Mr. Tijerina cannot have guns. After further questioning, the alleged victim advised the officer she believed Mr. Tijerina had one BB pistol and two real pistols inside the apartment. She did not see the firearms on that date, but stated Mr. Tijerina was known to have guns.

Based on the security footage and the alleged victim's statement, officers established probable cause to arrest Mr. Tijerina for fourth degree assault.

Officers went to Mr. Tijerina's apartment with a ballistic shield and less than lethal blue nose weapon due to concerns of firearms in Mr. Tijerina's apartment. While officers were outside the apartment waiting to initiate the arrest procedure, Mr. Tijerina exited the apartment. All officers on scene were wearing SPD uniforms. When Mr. Tijerina looked in the direction of the officers, he was instructed to stop. Mr. Tijerina's eyes opened up wide and he walked toward his apartment. He was told to stop a second time as an officer approached him and Mr. Tijerina allegedly stepped back into his apartment and attempted to shut the door on the officer. Due to the report of two handguns in the apartment and another potential victim, the officer pushed hard against the apartment door with his ballistic shield and shoved the door open. The officer took control of Mr. Tijerina's head and took him to the floor. Mr. Tijerina was placed in handcuffs and taken into custody without incident. The officer did not observe any injuries to Mr. Tijerina nor did he complain of any injuries.

Mr. Tijerina was escorted to a patrol car by officers and advised he was under arrest for fourth degree assault and obstructing a peace officer. Officers searched Mr. Tijerina incident to arrest. During the search, a bag containing a white crystalline substance was located in Mr. Tijerina's front left side pant pocket. The substance was field tested and tested presumptive positive for methamphetamine. Mr. Tijerina was also arrested for possession of a controlled substance.

4  **Mandatory Condition #2**: The defendant shall not commit another federal, state, or local crime.

**Supporting Evidence**: Mr. Tijerina is alleged to have violated mandatory condition number 2 by having two firearms in his possession, discovered during a search of Mr. Tijerina's residence by law enforcement and as previously occurring on February 10, 2020, with charges now being recommended to the United States Attorney's Office for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony.

On June 25, 2019, Javier Rodriguez Tijerina, Jr. signed his conditions relative to case number 2:08CR02135-RMP-1, indicating he understood all conditions as ordered by the Court.

Specifically, on February 10, 2020, the undersigned officer received police reports related to the client's arrest as previously occurring at his residence in Spokane on February 8, 2020, for alleged charges of fourth degree assault, obstruction of law enforcement, and possession of a controlled substance. As a part of the investigation, responding officers spoke with the alleged victim in the incident and inquired as to whether the client possessed any firearms. Responding officers documented that the party was initially evasive and stated "he's a felon" so he cannot have guns. Upon further questioning, the party advised she believed the client to have one BB gun and two real pistols inside his apartment. The contact further advised she had not seen them this date, but he is known to have them, further describing them as like police pistols (semiautomatic).

Prob12C
Re: Tijerina Jr., Javier Rodriguez
February 11, 2020
Page 4

As a result of the victim's statement, in conjunction with the client's criminal history, a search team was established and led by the U.S. probation office to include representatives from both the United States Marshals Service and the Bureau of Alcohol Tobacco and Firearms (ATF).

On February 10, 2020, at approximately 11:58 a.m., a search was conducted at the client's established residence with the assistance of outside law enforcement agencies as described herein. Upon clearing the residence, in which it was established that no other parties were present, a U.S. Marshals K9 sweep of the residence was conducted at which time a firearm was located as a part of the sweep under the client's mattress. The firearm was later cleared, inspected and secured by ATF agents, and determined to be a loaded H&R C45 .22 caliber revolver.

A subsequent physical search of the residence was conducted by U.S. probation officers with the assistance of ATF agents. As a part of the search, the following items were located in violation of federal, state and local law and the client's conditions of supervised release: a Lorcin L380, .380 caliber handgun (with an inserted and loaded magazine with 6 rounds, but not chambered), 88 .22 caliber rounds of ammunition, two small white crystal-like blocks with each presenting as the approximate size of slightly larger than a golf ball that field tested as presumptive positive for methamphetamine, a small amount of brown tar-like substance in a small plastic bag appearing to be heroin, a loaded syringe with a brown color substance inside, a marijuana cigarette in its original packaging which smelled as being consistent with marijuana, and one glass pipe consistent in style and appearance of those used to ingest illicit substances, packaging material often used in the distribution of illicit substances, and a digital scale.

As a result of the items discovered as a part of the search as outlined herein, additional charges are now being recommended to the U.S. Attorney's Office.

| | |
|---|---|
| 5 | **Mandatory Condition #2**: The defendant shall not commit another Federal, state, or local crime. |
| 6<br><br>7 | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, determined by the court. |

**Standard Condition #7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician,

**Supporting Evidence**: Mr. Tijerina is alleged to have violated mandatory condition numbers 2 and 3, and standard condition number 7 by having in his possession varying amounts of three illicit substances believed to be methamphetamine, heroin and marijuana, as well as several pieces of drug paraphernalia, to include a syringe loaded with a brown liquid matter believed to be heroin, a glass pipe consistent in shape and appearance with those known to the undersigned officer to be used for the ingestion of illicit substances, packaging material often used in the distribution of illicit substances, and a digital scale discovered during a search of Mr. Tijerina's residence by law enforcement and as previously occurring on February 10, 2020, with charges now being recommended to the United States Attorney's Office.

Prob12C
Re: Tijerina Jr., Javier Rodriguez
February 11, 2020
Page 5

On June 25, 2019, Javier Rodriguez Tijerina Jr. signed his conditions relative to case number 2:08CR02135-RMP-1, indicating he understood all conditions as ordered by the Court.

Specifically, on February 10, 2020, the undersigned officer received police reports related to the client's arrest as previously occurring at his residence in Spokane, on February 8, 2020, for alleged charges of fourth degree assault, obstruction of law enforcement, and possession of a controlled substance. As a part of the investigation, responding officers spoke with the alleged victim in the incident and inquired as to whether the client possessed any firearms. Responding officers documented that the party was initially evasive and stated "he's a felon" so he cannot have guns. Upon further questioning, the party advised she believed the client to have one BB gun and two real pistols inside his apartment. The contact further advised she had not seen them this date, but he is known to have them, further describing them as like police pistols (semiautomatic).

As a result of the victim's statement, in conjunction with the client's criminal history, a search team was established and led by the U.S. probation office to include representatives from both the United States Marshals Service and the Bureau of Alcohol Tobacco and Firearms (ATF).

On February 10, 2020, at approximately 11:58 a.m., a search was conducted at the client's established residence with the assistance of outside law enforcement agencies as described herein. Upon clearing the residence, in which it was established that no other parties were present, a U.S. Marshals K9 sweep of the residence was conducted at which time a firearm was located as a part of the sweep under the client's mattress. The firearm was later cleared, inspected and secured by ATF agents, and was determined to be a loaded H&R C45 .22 caliber revolver.

A subsequent physical search of the residence was conducted by U.S. probation officers with the assistance of ATF agents. As a part of the search, the following items were located in violation of federal, state and local law and the client's conditions of supervised release: a Lorcin L380, .380 caliber handgun (with an inserted and loaded magazine with 6 rounds, but not chambered), 88 .22 caliber rounds of ammunition, two small white crystal-like blocks, with each presenting as the approximate size of slightly larger than a golf ball and field tested as presumptive positive for methamphetamine, a small amount of a brown tar-like substance in a small plastic bag appearing to be heroin, a loaded syringe with a brown color substance inside, a marijuana cigarette in its original packaging which smelled as being consistent with marijuana, and one glass pipe consistent in style and appearance to those used to ingest illicit substances, packaging material often used in the distribution of illicit substances, and a digital scale.

As a result of the items discovered as a part of the search as outlined herein, additional charges are now being recommended to the U.S. Attorney's Office.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation previously reported to the Court, and that the Court issue a **WARRANT**.

Prob12C
Re: Tijerina Jr., Javier Rodriguez
February 11, 2020
Page 6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/11/2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

2/11/2020
Date